EASTERBY v. McINTOSH.

1. MINOR—SUMMONS.—Failure to serve a minor in partition may be cured by proper proceedings afterwards.
2. IBID.—JUDGMENT—IRREGULARITY—A GUARDIAN AD LITEM may be appointed for a minor over fourteen upon petition signed by another for him within twenty days after service of process, or if upon application of another within said time, it is a mere irregularity which the judgment cures.
3. IBID.—GUARDIAN AD LITEM.—The mother with whom a minor under fourteen resides, who has no general or testamentary guardian, is the proper person to petition for appointment of guardian *ad litem*, and should do so before expiration of twenty days after service.

Before WITHERSPOON, J., Charleston, April, 1897. Reversed.

Action for specific performance by Elizabeth Easterby against Wm. J. McIntosh. Judgment for defendant. Plaintiff appeals.

*Mr. W. M. Thomas*, for appellant, filed no printed argument.

*Mr. E. B. Hallings*, contra, cites: *On main question:* Code, 136, 137; 17 S. C., 437; 23 S. C., 187; 25 S. C., 275; 36 S. C., 352; 31 S. C., 576; 14 S. E. R., 830. *This Court no jurisdiction of questions of fact:* 27 S. E. R., 290, 617, 801. *Exception must point out specific error:* 27 S. E. R., 555, 620; 25 S. E. R., 226. *Point not raised below cannot be raised here:* 20 S. E. R., 540, 780; 22 S. E. R., 465, 790; 26 S. E. R., 711.

March 1, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for the specific performance of a contract, in writing, on the part of the plaintiff to sell and on the part of the defendant to purchase the house and lot described in the complaint. So much of the defendant's amended answer as is relevant to the ques-

tions for consideration by this Court is as follows: "This defendant alleges, upon information and belief, that the plaintiff was not, and is not, the owner in fee of the premises described in the complaint, nor could not, nor can she, make to the defendant a good and sufficient title thereto free and clear of incumbrances; but, on the contrary, this defendant alleges and avers that in the suit of Maria L. Blackwood against John Gelzer and others, filed in the Court of Common Pleas for Colleton County, State aforesaid, summons dated June 16th, 1883, it appears that Mary P. Gelzer and Dwight L. Gelzer, two of the minors named as defendants in said suit, were aged respectively at the time eight years and seven years, and were never properly before the Court, in that it does not appear from the records in said cause or in the records of said Court that the said minor, Mary P. Gelzer, was ever served with process as prescribed by law; further, that no *guardian ad litem* was appointed according to law for the defendant minors, E. T. Gelzer, then aged twenty years, the defendant, George Gelzer, then aged eighteen years, the defendant, Wm. P. Gelzer, then aged sixteen years, the defendant, Louis Gelzer, then aged fourteen years, the defendant, Mary P. Gelzer, then aged eight years, and the defendant, Dwight H. Gelzer, then aged seven years, in that there is no petition for the appointment of a guardian *ad litem* for or on behalf of said minors, who were over the age of fourteen years, nor by any person on behalf of said minors, who were then under the age of fourteen years, and that the said minors were never properly before the Court, and any order made in said cause was, and is not, binding on said minors."

This cause was referred to the master to take testimony and report upon the law and facts herein. Amongst other things the master in his report says: "It being difficult and expensive to procure a copy of the records from the Court of Common Pleas for Colleton County, it is agreed between the attorneys of the plaintiff and defendant to accept an abstract made by Messrs. Simons, Siegling & Cappleman of

the cause of Maria L. Blackwood *v.* John Gelzer *et al.*, summons dated June 16th, 1883, and in the cause of Thomas Finley, Elizabeth F. Easterby, and Mary L. Easterby *v.* Mary P. Gelzer, a minor, summons verified June 24th, 1890, as and for the records in the above causes.   I. From the foregoing abstract I find service of summons and complaint accepted by John Gelzer, E. T. Gelzer, and George Gelzer. II. Affidavit of service on E. T. Gelzer and George Gelzer on the 16th June, 1883.   III. Affidavit of service on Louis Gelzer and D. H. Gelzer, 16th June, 1883.   IV. Affidavit of service on Wm. P. Gelzer, 16th June, 1883.   V. There is no evidence of any service ever having been made on Louisa E. Gelzer and Mary P. Gelzer."   The master in his report also says: "Mary P. Gelzer was made defendant in suit brought by Thomas Finley, Elizabeth Easterby, and Mary L. Easterby; and by decree of Hon. James Aldrich, 7th July, 1890, whatever sales were made under Blackwood & Gelzer were confirmed, so far as the minor, Mary P. Gelzer, is concerned." Again, in his report, the master says: "I find, therefore, as matter of law, that the decree of the Hon. A. P. Aldrich, dated July 21st, 1883, was not binding upon any of the minors, and that the only one of the minors who was bound by the decree of Hon. James Aldrich, 7th July, 1890, was Mary P. Gelzer, and that at the most, Elizabeth F. Easterby is now vested with and holds only the shares of Mary L. Blackwood, John Gelzer, and Mary P. Gelzer." The master also says in his report: "A petition for the appointment of a guardian *ad litem* of E. T. Gelzer, George Gelzer, Wm. P. Gelzer, and Louis Gelzer, not signed by any of the parties, but signed T. M. Mordecai, *pro pet*, is filed June 18th, 1883.   A petition for the appointment of a guardian *ad litem* of Mary P. Gelzer and Dwight H. Gelzer, purporting to be the petition of Mary L. Blackwood, their mother, not signed by her but signed Jennings W. Perry, attorney, is filed June 18th, 1883."   The master also finds that the following order was made by the master of Colleton County: "State of South Carolina, Colleton County—

In the Common Pleas. Maria L. Blackwood *vs.* John Gelzer *et al.* Upon hearing the petition of E. E. Gelzer, George Gelzer, Wm. P. Gelzer, and Louis Gelzer, infants over fourteen years of age, and Mrs. Maria L. Blackwood, for Mary P. Gelzer and Dwight H. Gelzer, infants under the age of fourteen years, praying the appointment of a guardian *ad litem* for said infants: Now, on motion of Jennings W. Perry, attorney for M. L. Blackwood, and T. M. Mordecai, attorney for the other petitioners, it is ordered, that John Gelzer be, and hereby is, appointed the guardian *ad litem* of said infants, and authorized and directed to appear and defend said action in their behalf. 18th June, 1883. B. Stokes, master."

The master also finds that the following answer was filed: "State of South Carolina, Colleton County—In the Common Pleas. Maria L. Blackwood *v.* John Gelzer *et al.* The defendants, E. T. Gelzer, George Gelzer, Wm. P. Gelzer, Louis Gelzer, Mary P. Gelzer, and Dwight H. Gelzer, by John Gelzer, their guardian *ad litem,* answering the complaint herein, say: 1. That they are infants, and cannot admit or deny the allegations of the complaint, but, so far as they are able, they join in the prayer thereof. 2. That they submit their rights to the care and protection of this honorable Court, and pray to be hence dismissed, with their costs and charges in this behalf sustained. John Gelzer, guardian *ad litem,* Louis Gelzer, Willie Gelzer, E. T. Gelzer, George Gelzer. Filed 18th June, 1883." The master recommended that the complaint herein be dismissed.

On hearing the exceptions to the report of the master, his Honor, Judge Witherspoon, rendered a decree, wherein he "ordered that the said reports of G. H. Sass, master, be, and are hereby, sustained and confirmed, and the exceptions on behalf of plaintiff overruled. The title of the plaintiff to the premises tendered by her to the defendant not being a marketable one, nor such as defendant is bound to accept, it is ordered, adjudged and decreed, that the com-

plaint of plaintiff be dismissed, and that the plaintiff do pay the costs and disbursements of the above cause."

The plaintiff appealed upon the following exceptions: "That if there is any irregularity, it is not jurisdictional, and, therefore, the title was good." The first of the grounds, as hereinbefore stated, upon which the defendant alleged that the title tendered by the plaintiff was defective, is that Mary P. Gelzer was not served with process. The findings of the master, that "Mary P. Gelzer was made defendant in suit brought by Thomas Finley, Elizabeth Easterby, and Mary L. Easterby, and by decree of Hon. James Aldrich, 7th July, 1890, whatever sales were made under Blackwood *v.* Gelzer were confirmed, so far as the minor, Mary P. Gelzer, is concerned; and that the only one of the minors who was bound by the decree of Hon. James Aldrich, 7th July, 1890, was Mary P. Gelzer, and that at the most Elizabeth F. Easterby is now vested with and holds only the shares of Maria L. Blackwood, John Gelzer, and Mary P. Gelzer," show that this objection cannot be sustained.

The next objection urged by the defendant in his answer against the plaintiff's title is that no petition for the appointment of a guardian *ad litem* for or on behalf of the minors who were over fourteen years of age was filed by any of said minors, and that, therefore, the appointment of a guardian *ad litem* for them was not according to law. Subdivision 2, of section 137, Code of Procedure, provides that a guardian *ad litem* shall be appointed as follows: "When the infant is defendant, upon the application of the infant, if he be of the age of fourteen years, and apply within twenty days after the service of the summons. If he be under the age of fourteen, or neglect so to apply, then upon the application of any other party to the action, or of a relative or friend of the infant, after notice of such application being first given to the general or testamentary guardian of such infant, if he has one within this State; if he has none, then to the infant

himself, if over fourteen years of age, and within the State; or if under that age and within the State, to the person with whom such infant resides * * *" A petition was filed on the 18th of June, 1883, for the appointment of a guardian *ad litem* of the infants over fourteen years of age, signed by T. W. Mordecai, *pro pet.* This petition purports to be an application of the infants themselves, which they had the right to make within twenty days after the service of the summons upon them. But if it should be regarded as the application of Mr. Mordecai in behalf of the infants, the fact that it was made before the expiration of the twenty days after service of the summons upon the infants would only be an irregularity, which was cured by the judgment in the cause. *Lyles* v. *Haskell*, 35 S. C., 391. Furthermore, the infants over fourteen years of age actually signed the answer along with their guardian *ad litem*, who was appointed upon the petition signed T. M. Mordecai, *pro pet.*

The third objection interposed by the defendant in his answer is that no guardion *ad litem* was appointed according to law for the minors under fourteen years of age, in that no petition was filed by any person on behalf of said minors. It does not appear that the infants under fourteen years of age had a general or testamentary guardian, or that they resided apart from their mother; she very properly made the application for them, and it was not incumbent on her to wait until the expiration of twenty days after the service of the summons upon such minors.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.